IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMERICAN COMMUNITY NEWSPAPERS, LLC d/b/a STAR COMMUNITY NEWSPAPERS, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:06cv295 |
| THE CITY OF PLANO | § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DENYING MOTION TO DISMISS AND ORDER GRANTING MOTION FOR LEAVE**

The City of Plano has filed a Motion to Dismiss American Community Newspapers Original Complaint (Dkt. 38). ACN filed its Complaint for Declaratory Judgment seeking a declaration that several sections of Plano's city ordinance 2002-7-13 were unconstitutional for violating freedom of speech, freedom of the press, and improperly expanding criminal liability for the conduct of other persons. ACN has filed a Motion For Leave to Amend it Complaint dismissing its challenge to § 11-145(b) of the challenged ordinance (Dkt. 50). The motion for leave is GRANTED.

Left for resolution are the challenges to §§ 11-145(d), 1-3, and 1-5 of the Ordinance. Therefore, the Court will focus on these subsections in addressing Defendant's motion to dismiss.

### BACKGROUND

ACN distributes two newspapers in Plano. One newspaper, *The Plano Star Courier,* has been distributed for well over one hundred years. Free copies of the *Courier* are occasionally

distributed to Plano residents with the expectation of gaining additional subscribers. Another newspaper, *Plano Insider,* "Don't be left outside the Insider," is distributed to approximately 65,000 households, free of charge. Newspapers are distributed through independent contractors, not employees of ACN.

Section 11-145(d) of the City ordinance provides that "it shall be unlawful for any person to distribute or cause to be distributed, deposited, placed, thrown, scattered or cast any handbill upon any residential property if requested by anyone thereon not to do so, or if there is placed on such premises in a conspicuous place upon or near the main entrance to the residence, a weatherproof card, not less than three (3) inches by four (4) inches in size the words, 'no trespassing,' 'no peddlers,' 'no advertisements,' 'no solicitation,' 'no handbills,' or any similar notice indicating in any manner that the occupants of such premises do not desire to have any such handbills left upon their premises. The letters on such cards shall be not less than two-thirds (2/3) of an inch in height."

Section 1-3 provides that "person shall extend and be applied to associations, corporations, firms, partnerships and bodies politic and corporate as well as to individuals. Where criminal prosecution may lie, the officers of any corporations shall jointly and severally be subject to prosecution as being included within the term 'person.'"

Section 11-141 defines handbill as "any printed or written matter, any sample or device, dodger, circular, leaflet, pamphlet, paper, booklet, or any other printed or otherwise reproduced original or copies of any matter or literature."

Prior to its amendment, Section 1-5 provided that "[i]n case of a violation of any terms or provisions of this Code or other ordinance by any firm, corporation or association, the officers and

2

agents actively in charge of the business of such firm, corporation or association shall be responsible for such violation and subject to prosecution therefor."

According to the affidavit of Diane Wetherbee, City Attorney for Plano, Section 1-5 has now been amended to provide that officers and agents of a corporation or association may only be charged with a violation of 11-145 if they were to exert some direction or control over the independent contractors, as provided by Subchapter B of Chapter 7 of the Texas Penal Code.

Texas Penal Code § 7.22 provides in part: "(a) If conduct constituting an offense is performed by an agent acting in behalf of a corporation or association and within the scope of his office or employment, the corporation or association is criminally responsible for an offense defined: (1) in this code where corporations and associations are made subject thereto; (2) by law other than this code in which a legislative purpose to impose criminal responsibility on corporations or associations plainly appears; or (3) by law other than this code for which strict liability is imposed, unless a legislative purpose not to impose criminal responsibility on corporations or associations plainly appears." TEX. PEN. CODE § 7.22.

### STANDARD

The City seeks dismissal based on the argument that ACN has no standing to challenge the Ordinance. An ordinance may be facially unconstitutional in either of two respects: "either ... it is unconstitutional in every conceivable application, or ... it seeks to prohibit such a broad range of protected conduct that it is constitutionally 'overbroad.'" *Members of City Council v. Taxpayers for Vincent,* 466 U.S. 789, 104 S. Ct. 2118, 2124, 80 L. Ed.2d 772 (1984).

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States,* 960 F.2d 19, 21 (5th Cir. 1992); *see also Johnson v. Hous. Auth. of Jefferson Parish,* 442 F.3d 356, 359 (5th Cir. 2006). When considering a Rule 12(b)(6) motion to dismiss, the court requires "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).

If the standing challenge is brought properly by a motion to dismiss, the district court may conduct a preliminary hearing in order to resolve disputed factual issues. *Barrett Computer,* 884 F.2d at 220. "[I]n a preliminary hearing on a jurisdictional issue, the district court is given greater latitude and discretion than in a summary judgment proceeding where the district court must give deference on fact questions to the nonmovant." *Id.* For example, a Rule 12(b)(1) motion to dismiss for lack of "subject matter jurisdiction[,] ... unlike summary judgment decisions, may be made using any one of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (internal quotations omitted); *see also Lewis,* 699 F.2d at 237; *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

Challenges to subject matter jurisdiction properly brought under Rule 12(b)(1), including those brought pursuant to Rule 12(h)(3), include challenges based on mootness and standing. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989); *Amwest Savings Assn. v. Farmers Market of Odessa, Inc.*, 753 F. Supp. 1339, 1347 (W.D. Tex. 1990). In the Fifth Circuit,

there are two avenues for a defendant to challenge standing in regard to subject matter jurisdiction: facial and factual attacks. *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983) (citing *Williamson*, 645 F.2d 404). If a defendant files an unsupported Rule 12(b)(1) motion, the challenge is a facial attack, and the trial court is only required to look at the sufficiency of the allegations in the complaint. On the other hand, if the defendant provides affidavits, testimony, or other evidence challenging the court's jurisdiction with its 12(b)(1) motion, it is a factual attack, and the plaintiff is required to submit facts in support of jurisdiction. *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 606 (N.D. Tex. 2006). In a factual attack, the plaintiff has the burden of proving by a preponderance of the credible evidence that the trial court has subject matter jurisdiction over the claims. *Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494, 496-97 (5th Cir. 2007) (en banc) ("Standing to sue must be proven, not merely asserted"); *Kennard*, 42 F. Supp. 2d at 606 (citing *Middlesouth Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). As such, a factual attack brought under Rule 12(b)(1) allows the court to make a factual determination as envisioned under the *Williamson* decision. *See 1995 Venture I, Inc. v. Orange County Texas*, 947 F. Supp. 271, 276 (E.D. Tex. 1996) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) ("[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and the plaintiff bears the burden of proof that jurisdiction does in fact exist")).

## ANALYSIS

The City appears to argue that since ACN is a limited liability company it cannot be a corporation or association as defined by the Penal Code. Therefore, it could never be liable for a violation of 11-145. However, this is not what Ms. Wetherbee states in her affidavit. The Court also

5

notes that Ms. Wetherbee does not engage in the same linguistic gymnastics that counsel has advocated. Without addressing whether counsel is correct in this interpretation, the Court finds that irrespective of this argument, ACN is still subject to the provisions of § 1-5 of the ordinance, as it has now been amended. Although not argued by the parties, the ordinance also applies to any person who not only distributes but "causes to be distributed." Left without discussion is whether the City would agree that an entity which pays independent contractors to distribute materials in which it hopes to gain financial reward "causes" such materials to be distributed.

ACN cites two instances where its officers or employees were cited for violating the ordinance in question. However, it appears that in both instances prosecution was not pursued. Plano argues that, in view of the amendment to Section 1-5, ACN has no standing to bring this suit and in effect is seeking an advisory opinion from the Court. To establish standing, a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury. *E.g., Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed.2d 351 (1992); *Houston Chronicle Publishing Co. v. City of Galveston*, 488 F.3d 613 (5th Cir. 2007).

The Court finds that ACN satisfies all three elements. First, its employees have been cited for violations of the ordinance. Although Plano now argues that ACN can never be prosecuted for the type of conduct for which it was cited, the Court notes that the evidence submitted in the form of affidavits does not foreclose the possibility. Further, the statue contemplates that a person who causes distribution can be liable. Further, the mere act of chilling a plaintiff's speech is a

constitutional harm adequate to satisfy the injury-in-fact requirement. *Meese v. Keene*, 481 U.S. 465, 473, 107 S. Ct. 1862, 95 L. Ed.2d 415 (1987).

Second, the Court finds that the injury is traceable to ACN's conduct in employing independent contractors to distribute its papers. Third, a favorable judgment can redress any injury. The Court finds that ACN's allegation that § 11-145(d) violates its First Amendment rights is sufficient to raise the issue as to the chilling effect of that particular section. *See generally, Oscar Renda Contracting, Inc. v. City of Lubbock,* 463 F.3d 378 (5th Cir. 2006).

Plano argues that since § 1-5 was amended, ACN's claim is now moot. Plano claims that the crux of ACN's claim is the application of former § 1-5 not the content of any proscription contained § 11-145(d). The Court disagrees. Neither section can be read in a vacuum. ACN was cited for violating §11-145(d). As stated above, no evidence submitted by Plano has resolved the issue that ACN might face future prosecution. The Court finds that ACN has sufficiently established the existence of a future threat of specific injury. However, ACN's challenge to §§ 1-3 and 1-5 centers on the fact that those sections expanded the scope of criminal liability by imposing criminal responsibility upon persons outside of the limitations imposed by Texas Penal Code §§ 7.01, 7.02(a) and 7.23. As Plano notes, § 1-5 has now been amended. ACN by its Complaint contended that § 1-5 violates Article XI §5 of the Texas Constitution. ACN's state constitutional challenge to that statute is now moot in light of the amendment to §1-5.

The Court finds that ACN has standing to challenge §11-145(d) of the Ordinance. The Complaint specifically challenges the ordinance as a violation of its right to free speech. Accordingly, the Motion is denied as to the challenge to 11-145(b). The Court agrees that any

challenge to § 1-5 as violating Article XI §5 of the Texas Constitution is now moot. Further, the Court agrees that §1-3 of the Ordinance imposes no liability on ACN and can only be read in conjunction with § 1-5.

The Court also declines to dismiss on the grounds that ACN's claims are now moot. As stated above, the possibility of prosecution is explicitly held open by Wetherbee's affidavit. The statute applies not only to those who distribute, but also to those who "cause" to be distributed the material proscribed by the ordinance.

Plano's Motion to Dismiss as to standing and mootness is denied in part. However, the Motion is granted as to ACN's state constitutional challenge to §§ 1-3 and 1-5 of the Ordinance to the extent that such sections have been amended.

## Recommendation

Based on the foregoing and as set forth fully above, the Court recommends that The City of Plano's Motion to Dismiss American Community Newspapers Original Complaint (Dkt. 38) be GRANTED, in part, and DENIED, in part.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 15th day of January, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE